`

Alexander Chen [SBN 245798]
Theodore Lee [SBN 281475]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770


Attorneys for Plaintiff,
LFA CO., LTD.,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFA CO., LTD., a Taiwan corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC a Delaware limited liability company; and DOES 1-10,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LFA CO., LTD. ("Plaintiff" or "LFA CO.") presents the following allegations and facts in support of this Complaint and demands a jury trial on all causes of action stated herein against Defendants Amazon.com, Inc.; Amazon.com Services LLC (collectively, "Amazon"); and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, including, without limitation, 35 U.S.C. § 101, *et seq*., 35 U.S.C. § 271 and § 281. Plaintiff seeks preliminary and permanent injunctions and monetary damages for patent infringement.

2.     This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant Amazon.com, Inc. does not "reside" in the State of California for patent venue purposes, as it is a Delaware corporation. However, venue is proper in the United States District Court for the Northern District of California because Amazon has committed acts of infringement within this District, including selling at least one Accused Product to Plaintiff in this District, and the order invoice identifies the seller as "Amazon.com" (**Exhibit B**). In addition, on information and belief, Amazon maintains and operates a regular and established place of business within this District, including offices and facilities in Sunnyvale, California used by Amazon to conduct its business.

4.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact continuous and systematic business within the State of California and the Northern District of California. In addition, this Court has personal jurisdiction over the Defendants because, on information and belief, this lawsuit arises out of Defendants' infringing activities, including, without limitation, the making, using, selling, offering to sell, shipping, and/or importing infringing products in the State of California and the Northern District of California. Finally, this Court has personal jurisdiction over Defendants because, on information and belief, Defendants have

made, used, sold, and/or offered for sale their infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Northern District of California.

5.      Upon information and belief, certain of the products manufactured by or for Defendants have been and/or are currently sold and/or offered for sale to consumers, including, but not limited to, consumers located within the State of California, at, among other places, Amazon.com's website located at https://www.amazon.com.

## PARTIES

6.      Plaintiff LFA CO., LTD. is a Taiwan corporation having its principal place of business in Tainan City, Taiwan.

7.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc. conducts substantial business within the State of California, including operating the Amazon online storefront through which the Accused Products were offered for sale and sold to consumers located in California. Plaintiff purchased an Accused Product from Amazon's website, and the invoice identifies the seller as "Amazon.com" (**Exhibit B**). Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. On information and belief, operates and/or provides retail and marketplace services through the Amazon.com platform and conducts substantial business within the State of California and this District.

8.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10 ("DOE Defendants"), inclusive, and therefore sues these parties by such fictitious names. Plaintiff is informed and believes, and based on such information and belief avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, or vicariously liable or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.

Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, co-conspirator, or member of a joint venture of each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## THE ACCUSED PRODUCTS

9.    The Defendants' accused products for purposes of the asserted patents include the Defendants' Tail Lights Compatible with 2001-2011 Ford Ranger ("Accused Products").

10.    Defendants provide informational materials that shows their use of the Patented Design (described *infra*) in its tail lights on its listing on Amazon.com titled *HECASA Tail Lights Compatible with 2001-2011 Ford Ranger C-Type LED Tube Rear Brake Tail Lamps Assembly Driver and Passenger Side (Clear Lens Black Housing)* (https://www.amazon.com/s?k=B0CMZYDZQL).

11.    Plaintiff believes and thereupon alleges that Defendants are aware that their customers and end-users are using the accused products in an infringing manner based on comments and discussions posted on its website and other public websites where Defendants' authorized agents, customers and end-users discuss and disclose the use of the accused products.

## THE ASSERTED PATENTS

12.    On June 17, 2025, the United States Patent and Trademark Office duly and legally issued United States Design Patent No. D1,079,991 S, entitled 'Automobile Tail Light' (the '991 Patent' or 'Patent-in-Suit'). A true and correct copy of the '991 Patent is attached hereto as **Exhibit A**. Plaintiff has acquired all right, title, and interest in and to the '991 Patent, including the right to sue and recover for past, present, and future infringement as of December 16, 2025.

## COUNT ONE

## INFRINGEMENT OF THE '991 PATENT

## (Against Amazon)

13.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

1    14.    The '991 Patent contains a single claim directed to the ornamental design for an

2  automobile tail light as shown in the figures of the patent. Since at least June 17, 2025, the issue date

3  of the '991 Patent, and continuing to the present, Amazon has directly infringed and continues to

4  directly infringe the '991 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell,

5  selling, and/or importing into the United States, including within the State of California and this

6  District, vehicle tail lights that embody the patented design, including the Accused Products.



FIG. 1
FIG. 2
FIG. 3
FIG. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21    15.    Defendants have knowledge of infringement of the '991 Patent since at least the filing

22  of this complaint.

23    16.    Defendants copied the design of the Accused Products from the tail light design of the

24  '991 Patent. A side-by-side comparison of the '991 patented design and an exemplary specimen of

25  Defendants' Accused Products is shown below, the photograph of the exemplary tail light of

26  Defendants being taken from its Amazon product listing:

27    /

28    /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| '991 Patent | Accused Product |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 4





FIG. 5



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



FIG. 6

FIG. 7

20
21       17.    As shown in the pictures, the tail light design of Accused Products is the same or
22   substantially the same as the tail light design of the '991 Patent. The tail light designs are so similar as
23   to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually
24   gives, would be so deceived by the substantial similarity between the designs so as to be induced to
25   purchase Defendants' products believing them to be substantially the same as the tail light design
26   protected by the '991 Patent.
27
28

18.    Amazon sells and offers for sale the Accused Products in the United States, including within the State of California and this District. Plaintiff purchased an Accused Product through Amazon's website, and the corresponding invoice identifies the seller as "Amazon.com" (**Exhibit B**).

19.    Plaintiff has not granted a license or any other authorization to Defendants to make, use, offer for sale, sell, or import tail lights that embody the tail light design patented in the '991 Patent and which is proprietary to Plaintiff.

20.    Plaintiff alleges upon information and belief that, without authority, Defendants have infringed and continues to infringe the '991 Patent by, *inter alia*, making, using, offering to sell, selling, and/or importing in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '991 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendants' Accused Products.

21.    Defendants' tail light design infringes the '991 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the tail light design of the '991 Patent and the tail light designs of Defendants' products, including without limitation, the tail light designs of the replacement tail lamps for 2001-2011 Ford Ranger products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

22.    Defendants' acts of infringement of the '991 Patent were undertaken without authority, permission or license from Plaintiff. Defendants' infringing activities described herein violate 35 U.S.C. § 271.

23.    Plaintiff is informed and believes that Defendants intentionally sell, ship, or otherwise deliver the Accused Products in the United States, with knowledge that the Accused Products are designed to and do practice the infringing features of the '991 Patent.

24.    Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '991 Patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.      A determination that Defendants have infringed the Patent-in-Suit;

2.      That Defendants, Defendants' officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patent-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

3.      Compensation for all damages caused by Defendants' infringement of the Patent-in-Suit to be determined at trial;

An award of Defendants' total profit on the Accused Products pursuant to 35 U.S.C. § 289, or, in the alternative, damages pursuant to 35 U.S.C. § 284;

4.      A finding that this case is exceptional and an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

5.      Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses;

6.      Granting Plaintiff such other and further relief as the Court may deem just and proper.


DATED: January 25, 2026,                    INHOUSE CO. LAW FIRM


                                            By: _____
                                                Alexander Chen, Esq.
                                                Theodore Lee, Esq.
                                                Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.


DATED: January 25, 2026                    INHOUSE CO. LAW FIRM


By: _____
        Alexander Chen, Esq.
        Theodore Lee, Esq.
        Attorneys for Plaintiff
        LFA CO., LTD.,

# EXHIBIT A



US0D1079991S

(12) **United States Design Patent**
Lin

(10) Patent No.: **US D1,079,991 S**
(45) Date of Patent: ** **Jun. 17, 2025**

(54) **AUTOMOBILE TAIL LIGHT**

(71) Applicant: **Chi-Chung Lin**, Hsinchu (TW)

(72) Inventor: **Chi-Chung Lin**, Hsinchu (TW)

(**) Term: **15 Years**

(21) Appl. No.: **29/759,521**

(22) Filed: **Nov. 23, 2020**

(51) **LOC (15) Cl.** ............................................. **26-06**

(52) **U.S. Cl.**
USPC ......................................................... **D26/28**

(58) **Field of Classification Search**
USPC ........ D26/28, 29, 30, 31, 32, 33, 34, 35, 36,
D26/37, 3, 4; D12/181, 182, 183, 196,
D12/400
CPC ........ F21S 48/10; F21S 48/225; F21S 48/1233;
F21S 48/1266; F21S 48/1388; F21S
43/237; F21S 43/15; F21S 43/00; F21S
41/32; F21S 41/36; F21S 41/50; F21S
41/26; F21S 41/00
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D631,177 | S | | 1/2011 | Yang |
| D637,320 | S | | 5/2011 | Yang |
| D822,239 | S | * | 7/2018 | Lin ................................ D26/28 |
| D835,312 | S | | 12/2018 | Yang |
| D849,284 | S | * | 5/2019 | Lin ................................ D26/28 |
| D850,678 | S | * | 6/2019 | Lin ................................ D26/28 |
| D851,303 | S | * | 6/2019 | Lin ................................ D26/28 |
| D857,257 | S | * | 8/2019 | Lin ................................ D26/28 |
| D866,824 | S | * | 11/2019 | Lin ................................ D26/28 |
| D895,861 | S | | 9/2020 | Lin |

| | | | | |
|---|---|---|---|---|
| D896,414 | S | | 9/2020 | Lin |
| D921,938 | S | * | 6/2021 | Lin ................................ D26/28 |
| D925,793 | S | * | 7/2021 | Lin ................................ D26/28 |
| D925,794 | S | * | 7/2021 | Lin ................................ D26/28 |
| D927,743 | S | * | 8/2021 | Lin ................................ D26/28 |
| D932,071 | S | * | 9/2021 | Lin ................................ D26/28 |
| D932,072 | S | * | 9/2021 | Lin ................................ D26/28 |
| D938,077 | S | * | 12/2021 | Lin ................................ D26/28 |
| D955,613 | S | * | 6/2022 | Lin ................................ D26/28 |
| D955,614 | S | * | 6/2022 | Lin ................................ D26/28 |
| D955,616 | S | * | 6/2022 | Lin ................................ D26/28 |
| D955,617 | S | * | 6/2022 | Lin ................................ D26/28 |
| D973,928 | S | * | 12/2022 | Lin ................................ D26/28 |

* cited by examiner

*Primary Examiner* — George J Ulsh
*Assistant Examiner* — Kathryn Elizabeth Chambers
(74) *Attorney, Agent, or Firm* — Alexander Chen, Esq.

(57) **CLAIM**

The ornamental design for an automobile tail light, as shown
and described.

**DESCRIPTION**

FIG. **1** is a perspective view of an automobile tail light;
FIG. **2** is a front view thereof;
FIG. **3** is a side view thereof;
FIG. **4** is a side view thereof;
FIG. **5** is a back view thereof;
FIG. **6** is a top view thereof; and,
FIG. **7** is a bottom view thereof.
Any broken lines are included to show environmental struc-
ture and form no part of the claimed design.
The design envisioned contains a second portion whose
image is mirror symmetrical to the one shown.

**1 Claim, 7 Drawing Sheets**





**FIG. 1**

U.S. Patent          Jun. 17, 2025       Sheet 2 of 7          US D1,079,991 S



**FIG. 2**



FIG. 3



**FIG. 4**



FIG. 5



**FIG. 6**



**FIG. 7**

EXHIBIT B

# Order Summary

Order placed November 28, 2025     Order # 112-7219906-5967460

**Ship to**

Anna Kim

XXXXXX

COTO DE CAZA, CA 92679-5000
United States

**Payment method**

Amazon Business Prime American Express Card  ending
in 1006

5% Back

View related transactions

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $107.10 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $107.10 |
| Estimated tax to be collected: | $8.30 |
| **Grand Total:** | **$115.40** |
| **Refund Total** | **$115.40** |

## Return complete

Your return is complete. Your refund has been issued.

When will I get my refund?



HECASA Tail Lights Compatible with 2001-2011 Ford Ranger C-Type LED Tube Rear
Brake Tail Lamps Assembly Driver and Passenger Side (Clear Lens Black Housing)

Sold by: Amazon.com
Supplied by: Other

$107.10

Back to top

Conditions of Use     Privacy Notice     Consumer Health Data Privacy Disclosure     Your Ads Privacy Choices
© 1996-2026, Amazon.com, Inc. or its affiliates